# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

DAMON KENNER,

    Plaintiff,

        v.

LIGHTHOUSE RECOVERY ASSOCIATES, LLC,

    Defendant.

_____

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

### (Unlawful Debt Collection Practices)

_____

### PLAINTIFF'S COMPLAINT

DAMON KENNER, Plaintiff, through his attorneys, KROHN & MOSS, LTD., alleges the following against LIGHTHOUSE RECOVERY ASSOCIATES, LLC, Defendant:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business and is located in the state of Colorado, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*

## PARTIES

6. Plaintiff is a natural person residing in Seattle, King County, Washington, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

7. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

8. Defendant is a national company with a business office located in Centennial, Arapahoe County, Colorado.

9. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6).*

10. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Approximately two (2) months ago, Defendant started constantly and continuously placing collection calls to Plaintiff seeking and demanding payment for the alleged debt.

12. Defendant calls Plaintiff from telephone number (866) 520-1240 at least (2) times a day seeking and demanding payment for the alleged debt.

13. Defendant has contacted Plaintiff before 8:00 am seeking and demanding payment for alleged debt.

14. Defendant calls Plaintiff at work even though Plaintiff told Defendant not to call him at work.

15. Defendant fails to disclose in subsequent communications that the calls are from a debt collector. Defendant refers to the situation as a "business matter" when leaving a voicemail message for Plaintiff.

16. Defendant places telephone calls without meaningful disclosure of the caller's identity as Defendant does not state the name of its company when leaving voicemail messages for Plaintiff.

17. Defendant threatened to garnish Plaintiff's wages if Plaintiff did not pay his alleged debt, event though Defendant does not intend to do so.

18. Defendant failed to send Plaintiff a debt validation letter.

# COUNT I
# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(a)(1)* by contacting Plaintiff before 8:00 a.m. or after 9:00 p.m.

   b. Defendant violated *§1692c(a)(3)* of the FDPCA by communicating with Plaintiff at his place of employment after Plaintiff told Defendant that his employer prohibits him from receiving calls at work.

   c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

   e. Defendant violated *§1692e(4)* of the FDCPA by threatening to garnish Plaintiff's wages when Defendant did not intend to take such action.

   f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector.

   g. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication is from a debt collector.

   h. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of

       the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    i. Defendant violated *§1692g(b)* by continuing collection activities and communications without providing Plaintiff with validation of the alleged debt.

WHEREFORE, Plaintiff, DAMON KENNER, respectfully requests judgment be entered against Defendant, LIGHTHOUSE RECOVERY ASSOCIATES, LLC., for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,
21. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,
22. Actual damages,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act,

   *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, DAMON KENNER, requests a jury trial in this case.


DATED:  December 9, 2009                    KROHN & MOSS, LTD.



                             By: /s/ Nicholas J. Bontrager

                             Nicholas J. Bontrager, Esq.
                             Krohn & Moss, Ltd.
                             10474 Santa Monica Blvd., Ste. 401
                             Los Angeles, CA 90025
                             Ph: (323) 988-2400; Fx: (866) 802-0021
                             nbontrager@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF WASHINGTON)

Plaintiff, DAMON KENNER, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DAMON KENNER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 11/23/2009                             _____
                                             DAMON KENNER